| B 104 (Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| TJB Management Consulting, LLC as Plan Administrator for RBX Corporation f/k/a RBX Group Inc. and RBX Industries Inc. | HB Chemical Corporation |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Ian J. Gazes, Esq.<br>Gazes LLC<br>32 Avenue of the Americas, 27th Floor<br>New York, NY 10013<br>(212) 765-9000 | |

**PARTY** (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

To avoid and recover preferential tranfers pursuant to 11 U.S.C. 547 and 550.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☒ 454  To Recover Money or Property
☐ 435  To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 458  To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424  To object or to revoke a discharge 11 U.S.C. § 727

☐ 455  To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
☐ 426  To determine the dischargeability of a debt 11 U.S.C. § 523
☐ 434  To obtain an injunction or other equitable relief
☐ 457  To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456  To obtain a declaratory judgment relating to any of foregoing causes of action
☐ 459  To determine a claim or cause of action removed to a bankruptcy court
☐ 498  Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)   ☒ 1 Original Proceeding   ☐ 2 Removed Proceeding   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another Bankruptcy Court   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| **DEMAND** $87,817.80 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND Check only if demanded in complaint |
|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NO.<br>7-04-00725 |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Virginia | DIVISIONAL OFFICE<br>Roanoke | NAME OF JUDGE<br>William F. Stone |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)   ☐ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| DATE<br>9/16/2005 | PRINT NAME<br>Ian J. Gazes | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Ian J. Gazes |
|---|---|---|

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

## Roanoke Division

| | |
|---|---|
| In re | ) |
| | ) |
| RBX Corporation f/k/a RBX Group, Inc. et al., | ) Chapter 11 |
| | ) |
| Reorganized Debtor.[1] | ) Case No.7-04-00725 |
| | ) |
| | ) |
| TJB Management Consulting, LLC, as Plan Administrator for RBX Corporation f/k/a RBX Group, Inc. and RBX Industries, Inc., | ) ) ) Adv. Pro. No. _____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HB CHEMICAL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT TO AVOID PREFERENTIAL TRANSFERS

TJB Management Consulting, LLC, as Plan Administrator for RBX Corporation f/k/a RBX Group, Inc. and RBX Industries, Inc. ("Plaintiff"), as and for its complaint seeking judgment avoiding certain preferential transfers made to or for the benefit of HB CHEMICAL CORPORATION ("Defendant"), respectfully alleges the following:

## NATURE OF THE ACTION

Plaintiff demands a money judgment and other relief resulting from certain transfers made by the Debtors to or for the benefit of Defendant during the 90 day period prior to

---

[1] The Debtors are RBX Corporation f/k/a RBX Group, Inc., A Delaware Corporation (Fed. Tax I.D. No. 94-3231901), and RBX Industries, Inc. f/k/a Rubatex Corporation t/a Groendyk Manufacturing Company, Inc., OleTex, Inc., Waltex Corporation, UPR Disposition, Inc., Universal Rubber Company, Hoover-Hanes Rubber Custom Mixing Corp. and Midwest Rubber Custom Mixing Corp., a Delaware Corporation.

the commencement of the Debtors' bankruptcy cases. Specifically, Plaintiff seeks entry of a judgment against Defendant (1) pursuant to 11 U.S.C. § 547(b), avoiding the Avoidable Transfers (as defined below), (2) pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than the amount of the Avoidable Transfers, plus interest and costs; and (3) pursuant to 11 U.S.C. § 502(d), disallowing any claim of Defendant against the Debtors until the Defendant pays in full the amount so determined.

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1331 and 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

3. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

5. On February 24, 2004 (the "Petition Date"), RBX Corporation f/k/a RBX Group, Inc. and RBX Industries, Inc. (collectively the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

6. On June 6, 2005, this Court confirmed the Second Amended Joint Plan of Liquidation of the Debtors dated June 3, 2005 (the "Plan"). The Plan became effective as of June 17, 2005 (the "Effective Date"). In connection therewith, and pursuant to section 6.2 (a) of the Plan, TJB Management Consulting, LLC, was appointed as the Plan Administrator for RBX Corporation f/k/a RBX Group, Inc. and RBX Industries, Inc. (the " Plan Administrator").

7. As of the Effective Date, pursuant to section 6.2 (n) of the Plan, the Plan Administrator as the representative of the consolidated Debtors and consolidated estates of Reorganized RBX Corporation and RBX Industries, Inc. has the authority to prosecute this action.

8. Upon information and belief, Defendant is a corporation with a mailing address at PO BOX 931365, CLEVELAND, OH 44193-0545

## COUNT I – TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C.§ 547(b)

9. Plaintiff realleges paragraphs 1 through 8 above.

10. Sections 547(b) and 550(a) of the Bankruptcy Code provide for the avoidance and recovery of a transfer to a creditor of an interest of the debtor in property if the transfer is shown to have constituted a "preference" as defined in the statute.

11. Pursuant to section 547(b) of the Bankruptcy Code, the Plan Administrator as a representative of the Debtors' estates may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor before such transfer was made, (c) made while the debtor was insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition, (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

12. During the 90- day period prior to the Petition Date, the Debtors made certain transfers (the "Avoidable Transfers") totaling not less than $87,817.80 to or for the benefit of Defendant on the dates and in the amounts set forth in the chart annexed as Exhibit A and incorporated by reference herein.

13. The Defendant was a creditor of the Debtors at the time of each of the Avoidable Transfers.

14. The Avoidable Transfers were on account of antecedent debt(s) owed by the Debtors to or for the benefit of Defendant.

15. The Debtors are presumed to have been and actually were insolvent at the time of each of the Avoidable Transfers.

16. The Avoidable Transfers enabled Defendant to recover more than it would have received if (a) the case were a case under chapter 7 of the Bankruptcy Code, (b) the Avoidable Transfers had not been made, and (c) Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

17. By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as preferential.

## COUNT II – TO RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 550

18. Plaintiff realleges paragraphs 9 through 17 above.

19. Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

20. Unless otherwise determined after a trial, pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the sum of $87,817.80 plus interest thereon to the date of payment and the costs of this action.

## COUNT III – TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

21. Plaintiff realleges paragraphs 18 through 20 above.

22. Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

23. Pursuant to 11 U.S.C. § 502(d), any claims of Defendant against the Debtors must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the Avoidable Transfers, plus interest thereon and costs.

WHEREFORE Plaintiff demands judgment against Defendant (1) pursuant to 11 U.S.C. § 547(b), avoiding the Avoidable Transfers; (2) pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to Plaintiff the sum of $87,817.80, unless otherwise determined after a trial plus interest thereon and costs; (3) pursuant to 11 U.S.C. § 502(d), disallowing any claim of Defendant against the Debtors and (4) granting to Plaintiff such other and further relief as may appear just and proper.

Dated: Roanoke, Virginia
       September 16, 2005

    GAZES LLC
    **[PRIMARY COUNSEL AND CONTACT]**
    Ian J. Gazes (IG 7564)
    32 Avenue of the Americas, 27th Floor
    New York, NY 10013
    (212) 765-9000

    - and -

    /s/ Roy Creasy
    Roy Creasy, Esq.
    213 South Jefferson Street, Suite 915
    Roanoke, VA 24011-1735
    (540) 342-0729

    *Attorneys for TJB Management Consulting, LLC,*
    *as Plan Administrator for RBX Corporation f/k/a RBX*
    *Group, Inc. and RBX Industries, Inc.*

**EXHIBIT A**

| Excel-90 day period ||||||| 
|---|---|---|---|---|---|---|
| Vendor Name | Check_No | Check_Date | Check_Amount | Invoice_No | Invoice_Date | Invoice_Amount |
| H B CHEMICAL CORPORATION | 216713 | 1/12/2004 | $1,980.00 | | 1/12/2004 | 1980 |
| H B CHEMICAL CORPORATION | 241972 | 1/31/2004 | $48,169.60 | | 1/31/2004 | 18196 |
| H B CHEMICAL CORPORATION | 241972 | 1/31/2004 | $48,169.60 | 33454 | 11/14/2003 | 33333.6 |
| H B CHEMICAL CORPORATION | 217232 | 2/12/2004 | $3,060.00 | | 2/12/2004 | 1530 |
| H B CHEMICAL CORPORATION | 217232 | 2/12/2004 | $3,060.00 | 33454 | 11/14/2003 | 33333.6 |
| H B CHEMICAL CORPORATION | 216883 | 1/20/2004 | $20,302.00 | | 1/20/2004 | 9128 |
| H B CHEMICAL CORPORATION | 216883 | 1/20/2004 | $20,302.00 | | 1/20/2004 | 3960 |
| H B CHEMICAL CORPORATION | 215281 | 12/10/2003 | $12,964.60 | 33059 | 11/12/2003 | 1341.6 |
| H B CHEMICAL CORPORATION | 215281 | 12/10/2003 | $12,964.60 | 33269 | 10/28/2003 | 3960 |
| H B CHEMICAL CORPORATION | 215281 | 12/10/2003 | $12,964.60 | 32876 | 10/21/2003 | 3085.6 |
| H B CHEMICAL CORPORATION | 215281 | 12/10/2003 | $12,964.60 | 33006 | 10/20/2003 | 1800 |
| H B CHEMICAL CORPORATION | 215281 | 12/10/2003 | $12,964.60 | 33011 | 10/20/2003 | 2777.4 |
| H B CHEMICAL CORPORATION | 215280 | 12/10/2003 | $1,341.60 | 32521 | 9/29/2003 | 1341.6 |
| H B CHEMICAL CORPORATION | 216883 | 1/20/2004 | $20,302.00 | | 1/20/2004 | 5174 |
| H B CHEMICAL CORPORATION | 216883 | 1/20/2004 | $20,302.00 | | 1/20/2004 | 2040 |